UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | |
| v. : | No. 3:06-cr-120 (SRU) |
| : | |
| RAUL REYES. : | |

**RULING ON PENDING MOTIONS**

Pursuant to Federal Rule of Criminal Procedure 41(g), Raul Reyes ("Reyes") seeks the return of property that he alleges was wrongfully seized and subjected to forfeiture proceedings without adequate notice. In response, the government moves to dismiss Reyes's claim for lack of subject-matter jurisdiction, arguing that, because the forfeited property consists solely of U.S. currency that has since been disbursed, any claim for money damages against the United States is barred by the doctrine of sovereign immunity. For the reasons that follow, the government's motion to dismiss (doc. # 755) is GRANTED, and Reyes's motions for return of property (doc. # 735) and summary judgment (doc. # 745) are DENIED for lack of subject-matter jurisdiction.

**I.  Background**

On February 2, 2007, Reyes pleaded guilty to Count One of an Indictment charging him with Conspiracy to Possess with Intent to Distribute Five or More Kilograms of Cocaine in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), and 846. Thereafter, on April 16, 2008, Reyes was sentenced to sixty months' imprisonment, a five-year term of supervised release, and a fine of $1,200.00. *See* Judgment (doc. # 700).

Reyes later moved, pursuant to Rule 41(g), for an order directing the return of property—namely, approximately $32,000 from two People's United Bank accounts, and another $5,000 taken from his person—seized by the Drug Enforcement Agency ("DEA") in connection

with his arrest and conviction. *See* Mot. for Return of Property (doc. # 735). In addition to claiming that his property was illegally seized, Reyes also alleges that the DEA failed to give him notice that the property was subject to federal forfeiture proceedings. *Id.*

In response to Reyes's motion, the government submitted an affidavit and accompanying documents demonstrating the steps it took to notify Reyes of the impending forfeiture. The government's submissions showed that the DEA sent written notice to Reyes's last-known home address, as well as the Bridgeport Correctional Center, People's United Bank, and the Willard-Cybulski Correctional Institution; the DEA also published notice in the *Wall Street Journal*. *See* Gov.'s Resp. to Mot. for Return of Property (doc. # 741). Reyes contends, however, that (1) he was unable to receive any notice sent to his home because he was in custody following his arrest; (2) he was never jailed at the Bridgeport Correctional Center or the Willard-Cybulski Correctional Institution[1]; (3) People's United Bank did not inform him of the forfeiture until August 2009; and (4) he never had access to the *Wall Street Journal* while in custody.[2] *See* Pet'r's Reply (doc. # 744). Accordingly, Reyes argues that the DEA failed to give him adequate notice, rendering the forfeiture procedurally deficient. *Id.*

Reyes's Rule 41(g) motion was subsequently re-characterized as a civil action because his criminal proceedings had ended, and the court thereafter treated the motion as if it were a civil

---

[1] The government apparently concedes that, because there were two individuals from Connecticut who were incarcerated during the relevant period by the name of "Raul Reyes," the notice sent by the DEA to the Willard-Cybulski facility was sent to the wrong address. *See* Gov.'s Resp. to Order to Show Cause and Mot. to Dismiss at 2 (doc. # 755).

[2] No reasonable official sincerely intending to provide actual notice would use the *Wall Street Journal* to provide publication notice of forfeiture proceedings to incarcerated drug dealers and others who may claim ownership of property seized from them. Such notices should appear in the local newspaper of general circulation, not a national publication directed at financial professionals.

complaint.³  *See Onwubiko v. United States*, 969 F.2d 1392, 1397 (2d Cir. 1992). Reyes then moved for summary judgment, arguing that the DEA provided deficient notice before seizing his property. *See* Mot. for Summ. J. (doc. # 745). The government has now responded with its own motion to dismiss for lack of subject-matter jurisdiction, arguing that, because the forfeited currency has been disbursed, Reyes's only claim is one for money damages against the United States government—a claim barred by sovereign immunity. *See* Gov.'s Reply to Resp. to Order to Show Cause and Mot. to Dismiss (doc. # 755).

## II. Standard of Review

"A case is properly dismissed for lack of subject matter jurisdiction under Rule 12(b)(1) when the district court lacks the statutory or constitutional power to adjudicate it." *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000). "[T]he court must take all facts alleged in the complaint as true and draw all reasonable inferences in favor of plaintiff," but "jurisdiction must be shown affirmatively, and that showing is not made by drawing from the pleadings inferences favorable to the party asserting it." *Morrison v. Nat'l Australia Bank Ltd.*, 547 F.3d 167, 170 (2d Cir. 2008) (internal citations omitted). A court evaluating a Rule 12(b)(1) motion "may resolve the disputed jurisdictional fact issues by reference to evidence outside the pleadings, such as affidavits." *Zappia Middle E. Constr. Co. v. Emirate of Abu Dhabi*, 215 F.3d 247, 253 (2d Cir. 2000).

## III. Discussion

Rule 41(g) provides, in relevant part, that "[a] person aggrieved . . . by the deprivation of

---

³ In a letter dated December 15, 2009, Reyes requested a subpoena pursuant to Fed. R. Civ. P. 45(a)(3) to order People's United Bank to produce records of all deposits and transactions in accounts held by Reyes. The request was never docketed. However, because this court lacks subject-matter jurisdiction over Reyes's claims, the request is rendered moot.

property may move for the property's return." However, "Rule 41(g), which simply provides for the return of seized property, does not waive the sovereign immunity of the United States with respect to actions for money damages relating to such property." *Adeleke v. United States*, 355 F.3d 144, 151 (2d Cir. 2004). "Thus a court can order the return of property that is in the hands of the Government, but cannot order the Government to pay money damages if the property has been disposed of, for example through forfeiture." *Ruotolo v. United States*, No. 07-4421-cv, 2009 WL 412991, at *1 (2d Cir. Feb. 19, 2009) (unpublished summary order); *see also Wai Hung v. United States*, No. 02-cv-6795 (SJ), 2007 WL 1987749, at *2 (E.D.N.Y. July 3, 2007) ("[W]here a petitioner seeks return of property that has become unavailable due to loss or destruction of the property, and the United States had not waived its sovereign immunity against such claims, the claim for return of property must be dismissed.").

The property at issue here consists entirely of U.S. currency, which was seized from the defendant or from accounts owned by him, and then forfeited to the United States. *See* Dec. of John Hieronymus, attached as Ex. 1 to Gov.'s Second Resp. to Mot. for Return of Property (doc. # 741-2). Because the proceeds from the forfeiture were subsequently disbursed, Reyes can now only claim money damages equivalent to the seized currency—a cash payment that would necessarily be drawn from the coffers of the U.S. Treasury. As the United States has not consented to such a claim, the claim is barred by sovereign immunity. *See Adeleke*, 355 F.3d at 151; *see also Gatex Corp. v. United States*, No. 04-cv-3729 (PKC), 2005 WL 821516, at *3 (S.D.N.Y. Apr. 7, 2005) ("[T]here is no subject matter jurisdiction when a petitioner seeks money damages from the government pursuant to Rule 41(g).") (citation omitted). Accordingly, Reyes's claim must be dismissed for lack of subject-matter jurisdiction.

In sum, the government's motion to dismiss (doc. # 755) is GRANTED, and Reyes's

motions for return of property (doc. # 735) and summary judgment (doc. # 745) are DENIED.

It is so ordered.

Dated at Bridgeport, Connecticut this 30th day of August 2013.

   /s/ Stefan R. Underhill
Stefan R. Underhill
United States District Judge